OPINION
Defendant-appellant, David Wells, appeals his conviction of assault which was entered by the Belmont County Court, Eastern Division in Bellaire, Ohio, after a bench trial. For the following reasons, the trial court's judgment is affirmed.
On January 1, 1997, Christina Palmer filed a complaint with the Shadyside Police Department alleging that appellant hit her in the face outside of her trailer and then ran away. A temporary restraining order was issued and appellant was charged with assault. On March 12, 1997, Palmer filed another complaint against appellant alleging that on March 7, 1997, appellant knocked on her door, forced his way into her trailer, punched her in the eye, jumped on her, started choking her, dragged her across the floor, hit her head on the floor, and said he loved her. Appellant was charged with domestic violence and violating a restraining order. The domestic violence charge was later amended to first degree misdemeanor assault, and the restraining order violation was declared nolle prosequi.
On July 31, 1997, the two assault charges were tried to the court. The court found appellant not guilty of the January 1, 1997 assault but guilty of the March 7, 1997 assault. Appellant was sentenced to fourteen days in jail with eleven days suspended, and fined $150 plus costs. The trial court also placed appellant on probation for one year. Both appellant and Palmer were ordered to have no contact with each other. Appellant's sentence was stayed by the trial court pending this appeal.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN FINDING THE DEFENDANT, DAVID WELLS, GUILTY OF ASSAULT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
A verdict is not reversed as being against the manifest weight of the evidence unless the reviewing court determines that the fact-finder clearly lost its way and created a manifest miscarriage of justice when it found that the greater amount of credible evidence supported a conviction. See State v.Thompkins (1997), 78 Ohio St.3d 380, 387, (citing Statev. Martin [1983], 20 Ohio App.3d 172, 175). Credibility of the witnesses and weight of the evidence are primarily the province of the fact-finder who occupies a superior vantage point during the trial. State v. DeHass (1967), 10 Ohio St.2d 230,231. As such, we only exercise our discretion to reverse and remand for a new trial based upon weight of the evidence in exceptional circumstances where the evidence weighs heavily against the conviction. Thompkins, supra, at 387.
In the case at bar, Palmer testified that appellant assaulted her on March 7, 1997. Two men who were walking towards her trailer that day witnessed a white Subaru pulling out of the driveway. Moments later, they saw Palmer laying on the floor of her trailer with marks on her body which indicated a struggle. One of appellant's witnesses testified that appellant drove a white Subaru at the time of the incident. Appellant's girlfriend, Fawn, testified that she was with appellant the entire day of March 7, 1997. Fawn's mother testified that appellant was at her house all day with the exception of the three and one half hours that appellant and Fawn left to pick up appellant's daughter for the weekend. Appellant makes much of the testimony that established that his hair has been short since at least September 1996 and that Palmer testified that appellant had shoulder length hair at the January 1, 1997 incident. However, this appeall involves the March 7, 1997 incident. Palmer's testimony regarding the length of appellant's hair at this time is unclear and confusing.
The trial court found that Palmer's testimony was partially corroborated by the two men who saw the white car. The court stated that the men had no apparent reasons to lie, but that Fawn, as appellant's girlfriend, had more reason to shape the truth to her boyfriend's advantage. The trial court was in the best position to evaluate the credibility of the witnesses in light of their demeanor, voice inflection, and any gestures displayed while testifying. See DeHass, supra, at 231. A reasonable fact-finder could find that certain testimony lacked credibility and other testimony was more believable.
After reviewing the entire record, weighing the evidence and all reasonable inferences which can be drawn therefrom, we find that appellant's conviction is not against the manifest weight of the evidence. The evidence does not weigh heavily against appellant's conviction of first degree misdemeanor assault. Accordingly, appellant's sole assignment of error is without merit, and the trial court's judgment is hereby affirmed.
Vukovich, J., concurs
Waite, J., concurs
APPROVED:
 ___________________________ Gene Donofrio Judge